**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

**UNITED STATES OF AMERICA**,

            Plaintiff,

v.

**VICTOR M. DE SANTIAGO,**

            Defendant.

Case No. 19-MJ-02019-DPR

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the offense of possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure a defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) for which

imprisonment for 10 years or more is possible. In this case, Defendant is charged with possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime for which a term of imprisonment of not less than 10 years and not more than life is possible.

The Government further submits that, in light of the complaint filed in this case, there is probable cause to believe Defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(A). Accordingly, the Government contends that, upon a showing that there exists probable cause that Defendant committed the offense referred to in count one of the complaint, there is a legal presumption, subject to rebuttal by Defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provide that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, Defendant's statutory sentencing range is currently a term of imprisonment of not less than 10 years and not more than life imprisonment.

To further support the Government's contention that Defendant is a risk to the safety of the community and presents a flight risk, the Government offers that:

1. On February 28, 2019, law enforcement executed a search warrant for narcotics at a residence in Monett, Barry County, Missouri. Inside of a safe in the master bedroom closet, officers discovered two large, vacuum-sealed packages

containing suspected methamphetamine and a plastic bag containing additional suspected methamphetamine. Each of the vacuum-sealed packages weighed approximately 680 grams (one and one-half pounds). A field test of the contents of one package was positive for the presence of methamphetamine.

2. Defendant was within the residence when officers executed the search warrant. Once the search was complete, Defendant was transported to the Monett, Missouri, Police Department where he was read the *Miranda* warning. In the interview that followed, Defendant stated the methamphetamine discovered in the residence was his and that he recently acquired six pounds from California.

3. Defendant has previously been convicted of the following offenses:

   a. Possession of a controlled substance in Lawrence County, Missouri, on or about June 26, 2012; and

   b. Possession of a controlled substance in Barry County, Missouri, on or about September 18, 2007.

4. Law enforcement records indicate Defendant received a suspended imposition of sentence for unlawful use of drug paraphernalia in Barry County, Missouri, on or about October 27, 2016.

5. A charge of possession of a controlled substance arising from an incident on or about April 23, 2017, is currently pending against Defendant in Barry County, Missouri. Public court records suggest Defendant failed to appear for a hearing in that matter on December 18, 2017, and a warrant was issued. On January 17, 2018, the warrant was recalled.

For the reasons set forth above, the United States requests that a detention hearing be held and that Defendant be denied bail.

        Respectfully submitted,

        TIMOTHY A. GARRISON
        United States Attorney
        Western District of Missouri

    By  */s/ Byron H. Black*
        Byron H. Black
        Minnesota Bar No. 0395274
        Assistant United States Attorney
        901 St. Louis Street, Suite 500
        Springfield, Missouri 65806-2511

## Certificate of Service

  The undersigned hereby certifies that a copy of the foregoing was delivered on March 4, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

            */s/ Byron H. Black*
            Byron H. Black
            Assistant United States Attorney